IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERARDO LUNA-BENITEZ,                          No. 2:15-cv—2361-PK

　　　　　　Petitioner,                          ORDER

　　　v.

JERI TAYLOR, Superintendent,
Eastern Oregon Correctional Institution,

　　　　　　Respondent.

HERNÁNDEZ, District Judge:

　　　Magistrate Judge Paul Papak issued a Findings and Recommendation [47] on June 13,

2018, in which he recommends that this Court deny Mr. Luna-Benitez's Petition for Habeas

Corpus Relief [1] under U.S.C. § 2254. The matter is now before the Court pursuant to 28 U.S.C.

§ 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

　　　When a party objects to any portion of the Magistrate Judge's Findings &

Recommendation, the district court must make a *de novo* determination of that portion of the

Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has carefully considered Petitioner's objections[1] and concludes there is no basis to modify the Findings & Recommendation. The Court has also reviewed the pertinent portions of the record *de novo* and find no errors in the Magistrate Judges Findings & Recommendation.

## CONCLUSION

The Court ADOPTS Magistrate Judge Papak's Findings & Recommendation [47]. Accordingly, Mr. Luna-Benitez's Petition for Habeas Corpus Relief [1] is denied. Additionally, the Court declines to issue a Certificate of Appealability because Mr. Luna-Benitez has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___ day of _____, 2018.

MARCO A. HERNÁNDEZ
United States District Judge

---

[1] The Court notes that Petitioner only listed five single-sentence objections on one page [49]. Petitioner did not provide any argument or law in support of his objections. Petitioner simply identifies the portions of the Findings and Recommendation to which he objects, but he does not state what the bases for his objections are. Such conclusory objections are not helpful to the Court. It is unclear whether Petitioner's threadbare objections comport with Rule 72(b)(2)'s "specific written objections" requirement and trigger the Court's duty to review the record de novo. *See White v. Nooth*, No. 2:16-CV-323-SB, 2018 WL 2917338, at *2 (D. Or. June 11, 2018) ("A 'general' objection to a Finding and Recommendation does not meet the 'specific written objection[ ]' requirement of Rule 72(b) of the Federal Rules of Civil Procedure."); *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting *Vega v. Artuz*, No. 97Civ.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) ("Objections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'"). Even applying a de novo standard, however, the Court finds that the Findings and Recommendation is without error.